# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| NATALEE HESSELL, | \* | No. 14-1091V |
| | \* | |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: November 9, 2015 |
| | \* | |
| | \* | Damages; decision based on proffer; |
| SECRETARY OF HEALTH | \* | tetanus-diphtheria acellular pertussis |
| AND HUMAN SERVICES, | \* | ("Tdap") vaccine; shoulder injury |
| | \* | related to vaccine administration |
| Respondent. | \* | ("SIRVA"). |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

Lawrence Cohan, Anapol Schwartz, Philadelphia, PA, for Petitioner;
Adriana Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING DAMAGES[1]

On November 10, 2014, Natalee Hessell filed a petition seeking compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 through 34 (2012), alleging that the tetanus-diphtheria acellular pertussis ("Tdap") vaccination she received on April 10, 2013, caused her to suffer right adhesive capsulitis. On July 9, 2015, respondent filed her Rule 4 report, in which she recommended that the Court find petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On July 14, 2015, the undersigned determined that petitioner is entitled to compensation under the Vaccine Act.

On November 5, 2015, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award as stated in the Proffer. Pursuant to the attached Proffer, Appendix A, the court awards petitioner:

> **A lump sum payment of $135,060.00, in the form of a check payable to Natalee Hessell. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NATALEE HESSELL,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | No. 14-1091V<br>Special Master Moran<br>ECF |

### PROFFER ON AWARD OF COMPENSATION[1]

On November 10, 2014, Natalee Hessell ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner received a tetanus-diphtheria ("Tdap") vaccination on April 10, 2013, and as a result of the vaccine she suffered right adhesive capsulitis. Petition at 1. On July 9, 2015, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA"), and recommending that the Court award petitioner compensation. *Id.* at 4-5. Respondent hereby submits the following proffer regarding the award of compensation.

---

[1] This proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

1

**I.**     **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $135,060.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $135,060.00, in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

BENJAMINN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

*/s Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

Dated: November 5, 2015

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2